# In the United States Court of Federal Claims

No. 20-1399C
Filed: November 4, 2020
NOT FOR PUBLICATION

| | |
|---|---|
| **STEVEN MELEIKA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES,**<br><br>*Defendant.* | Keywords: Pro Se; Sua Sponte Dismissal; RCFC 12(b)(1); RCFC 12 (h)(3). |

**ORDER OF DISMISSAL**

The plaintiff, Steven Meleika, filed this action *pro se* on October 13, 2020.  He also filed concurrently with his complaint a motion to proceed *in forma pauperis*.  On October 16, 2020, the Court denied the motion to proceed *in forma pauperis* due to an incomplete form application.  The Court gave the plaintiff until November 13, 2020, to file a complete and fully justified application to proceed without paying the filing fee.  On November 3, 2020, the plaintiff filed such an application.  The application supports the plaintiff's motion.  Accordingly, the motion to proceed *in forma pauperis* is **GRANTED**.

Even read liberally, the plaintiff's complaint fails to invoke the Court's limited jurisdiction, and his complaint is **DISMISSED** without prejudice.

The plaintiff is no stranger to the federal judicial system.  Mr. Meleika was both arrested and, separately, apparently taken voluntarily to a hospital while suffering a mental-health incident.  These events, which do not appear to have resulted in any convictions of the plaintiff, have produced a multiplicity of lawsuits in the District of New Jersey.  *See Meleika v. Bayonne Police Department*, No. 17-1958, 2017 WL 4422415 (D. N.J. 2017); 2020 WL 2214584 (D. N.J. 2020); *Meleika v. City of Jersey City*, 17-1959, 2017 WL 4392039 (D. N.J. 2017); 2018 WL 4522046 (D. N.J. 2018), *appeal dismissed sub nom. Meleika v. Jersey City Police Dep't*, 19-2312, 2019 WL 6716972 (3d Cir. 2019); *Meleika v. Hudson County Corr. Ctr.,* No. 17-1960 (D. N.J.); *see also Meleika v. Jersey City Med. Ctr.*, 17-5759, 2020 WL 603997 (D. N.J. 2020); *Meleika v. State of New Jersey*, 2019 WL 8112873 (3d Cir. 2019), *dismissing appeal from* 17-5678 (D. N.J.).

This Court must ensure that it has jurisdiction over any claims asserted.  *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019).  Even when the parties do not challenge the court's jurisdiction, *id.*, the Court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006).  The plaintiff bears the burden of

establishing the Court's jurisdiction over a claim by a preponderance of the evidence. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010).

This Court's jurisdiction is established by the Tucker Act, 28 U.S.C. § 1491(a), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Supreme Court has interpreted the Tucker Act to waive sovereign immunity to allow jurisdiction in the Court of Federal Claims if a claim is (1) founded on an express or implied contract with the United States; (2) seeking a refund of a payment previously made to the United States; or (3) based on federal constitutional, statutory, or regulatory law mandating compensation for damages sustained, unless arising from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States." *United States v. Mitchell*, 463 U.S. 206, 216 (1983).

In addition, the United States is the only defendant against whom this Court may exercise jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

To invoke this Court's limited jurisdiction, a plaintiff must rely on a statute or regulation that is money-mandating, meaning the source of alleged liability "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Testan*, 424 U.S. 392, 400 (1976).

The plaintiff is proceeding *pro se*, so his pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Giving a *pro se* litigant's pleadings a liberal interpretation and construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that he has satisfied the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See, e.g.*, *Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

The starting point for determining whether this Court has jurisdiction is the complaint, *see Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997), which the Court interprets liberally.

Mr. Meleika's complaint is bare bones. It seeks damages for false arrest, malicious prosecution, and violations of the fourth, fifth, and sixth amendments to the Constitution, noting specifically the double-jeopardy clause of the fifth amendment. He also asserts a claim under 42 U.S.C. § 1983. Finally, the plaintiff asserts a claim for "judicial misconduct."

The complaint makes no allegation that the United States or its agents committed any of the alleged wrongs done to the plaintiff. A review of the plaintiff's cases in the District of New

Jersey establishes that the parties responsible for the alleged harm were local officials, or perhaps state officials.  No federal actions are identified by the plaintiff in his complaint.  A review of his cases in the District of New Jersey also fails to produce any evidence of federal involvement in the events leading to the plaintiff's various lawsuits there.  Despite the liberal manner in which the Court construes the plaintiff's complaint, the failure to identify any federal actions responsible for the alleged harm on its own supports a dismissal of the complaint.  *Sherwood*, 312 U.S. at 588.

The plaintiff's failure to identify acts by the federal government or a federal official is evidenced further by the plaintiff's claim under 42 U.S.C. § 1983, a statute which only supports claims against a state and its instrumentalities, not the United States or its officials.  This Court lacks jurisdiction over claims brought under § 1983.  *Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981); *Moore v. Public Defenders Office*, 76 Fed. Cl. 617, 620 (2007).

Even if there had been any federal action here, the plaintiff's complaint would still have to be dismissed.

With respect to the plaintiff's claims under the fourth amendment, the due process clause of the fifth amendment, and the sixth amendment, none requires the United States to pay money damages when federal officials violate their provisions.  *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (fourth amendment); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (fifth amendment due process clause); *Dupre v. United States*, 229 Ct. Cl. 706 (1981) (fourth and sixth amendments).  As a result, this Court lacks jurisdiction over claims founded on these provisions.

This Court does have jurisdiction over claims under the fifth amendment's takings clause, but the plaintiff's complaint makes no cognizable claim that a taking of his property has occurred.  The plaintiff fails to allege what property was taken and by which government actor.

Finally, the plaintiff asserts a claim for "judicial misconduct."  The complaint does not elaborate on the precise nature of the alleged misconduct, but that failure is of no import.  The statute covering claims for judicial misconduct, 28 U.S.C. § 372m, does not mandate the payment of money for an act of judicial misconduct.  As a result, this Court lacks Tucker Act jurisdiction over such claims.

In sum, the plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.  The plaintiff, however, has failed to satisfy his burden of demonstrating that the Court has jurisdiction over the complaint, which is **DISMISSED** without prejudice, pursuant to RCFC 12(b)(1) and 12(h)(3).  The Clerk is directed to enter judgment accordingly.  No costs are awarded.

It is so **ORDERED**.

                                                  s/ Richard A. Hertling  
                                                  **Richard A. Hertling**  
                                                  **Judge**